Dated 5/3/2019

W. Lafferty III
United States Bankruptcy Judge

Richard A. Lapping (SBN: 107496)
**TRODELLA & LAPPING LLP**
540 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 399-1015
Fax: (415) 651-9004
Email: Rich@TrodellaLapping.com

Tracy Green (SBN: 114876)
Elizabeth Berke-Dreyfuss (SBN: 114651)
Lisa Lenherr (SBN: 258091)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: tgreen@wendel.com
Email: edreyfuss@wendel.com
Email: llenherr@wendel.com

[proposed] Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

ANKA BEHAVIORAL HEALTH, INCORPORATED,

Debtor.

Case No. 19-41025-WJL

Chapter 11

**ORDER APPROVING MOTION AUTHORIZING DEBTOR TO CONTINUE PRE-PETITION CASH MANAGEMENT PRACTICES**

Date: May 3, 2019
Time: 2:00 p.m.
Place: Courtroom 220
1300 Clay Street
Oakland, CA
Judge: The Hon. William J. Lafferty III

The Motion of Debtor and Debtor-in-Possession ANKA Behavioral Health, Incorporated, for an order authorizing the Debtor to continue use of its pre-petition cash management system, including the use of its existing bank accounts having been filed (the "Motion"); the matter having come on for hearing pursuant to an order shortening time; notice having been appropriate and adequate under the circumstances; Richard A. Lapping of Trodella & Lapping LLP and Tracy Green of Wendel, Rosen, Black & Dean, LLP having appeared on behalf of Debtor and other appearances as noted in the record; the Court having considered the relief requested and good cause appearing;

**IT IS HEREBY ORDERED** that:

1. The Motion is *conditionally* approved as provided herein; [handwritten: conditioned on the Debtor providing proof to the office of the U.S. Trustee and filing a pleading demonstrating compliance with §345 of the Bankruptcy Code within 3 weeks]

2. The Debtor is authorized to continue to utilize its pre-petition Cash Management System (as defined in the Motion), including the use of its existing Wells Fargo Bank N.A, ("Wells Fargo") and Union Bank, N.A. ("Union Bank") bank accounts in the ordinary course of its business;

3. The Wells Fargo and Union Bank accounts shall be designated as debtor-in-possession ("DIP") accounts as soon as practicable;

4. Notwithstanding the foregoing, the bank account held at BBVA Compass shall be closed as soon as practicable and the funds, if any, transferred to a DIP account;

5. The Debtor shall immediately stop payment on all outstanding and unpaid pre-petition checks and other items drawn on any account which the Debtor maintains at Wells Fargo and Union Bank;

6. Wells Fargo and Union Bank are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such bank's counters or exchanged for cashier's checks by the payees thereof prior to April 30, 2019, ("Commencement Date"); (ii) all checks or other items deposited in one of Debtor's accounts with such bank prior to the Commencement Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for

such items prior to the Commencement Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any bank as service charges for the maintenance of the Cash Management System;

7. Wells Fargo and Union Bank may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein;

8. Those certain existing deposit agreements between the Debtor and its existing depository and disbursement banks (collectively, the "Banks") shall continue to govern the post-petition cash management relationship between the Debtor and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect; and either the Debtor or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts;

9. ~~The Debtor is authorized to continue to use its existing Business Forms (as that term is defined in the Motion), without reference to its Debtor-in-possession status~~

10. The Debtor is authorized to transition their bank accounts to another banking institution on the approved list of depositories, with notice of the new banking institution being provided to the Court and other parties in interest; and

**IT IS FURTHER ORDERED** that:

11. Wells Fargo shall unfreeze the following accounts <u>before close of business today</u>:

    (a) Wells Fargo account ending in 3449; and

    (b) Wells Fargo account ending in 5993.

***END OF ORDER***