1 | Richard A. Lapping (SBN: 107496)
**TRODELLA & LAPPING LLP**
2 | 540 Pacific Avenue
San Francisco, California 94133
3 | Telephone: (415) 399-1015
Fax: (415) 651-9004
4 | Email: Rich@TrodellaLapping.com

5 | Tracy Green (SBN: 114876)
Elizabeth Berke-Dreyfuss (SBN: 114651)
6 | Lisa Lenherr (SBN: 258091)
**WENDEL, ROSEN, BLACK & DEAN LLP**
7 | 1111 Broadway, 24th Floor
Oakland, California 94607-4036
8 | Telephone: (510) 834-6600
Fax: (510) 834-1928
9 | Email: tgreen@wendel.com
Email: edreyfuss@wendel.com
10 | Email: llenherr@wendel.com

11 | [proposed] Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 19-41025-WJL |
| ANKA BEHAVIORAL HEALTH, INCORPORATED, | Chapter 11 |
| Debtor. | **MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO INTERIM MANAGEMENT AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: May 24, 2019<br>Time: 10:30 a.m.<br>Place: Courtroom 220<br>300 Clay Street<br>Oakland, CA<br>Judge: Hon. William J. Lafferty, III |

ANKA BEHAVIORAL HEALTH, INCORPORATED, the debtor herein ("Debtor" or "ANKA"), by and through its undersigned counsel, moves this Court pursuant to sections 105(a) and 363 of the Bankruptcy Code[1] and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("FRBP"), for entry of an order authorizing the Debtor to enter into the post-Petition Interim Management Agreements identified on Exhibit A, attached to the Declaration of Antoinette McGill[2] (collectively the "Agreements")[3] as set forth below, and additional agreements going forward without further Court order.

## I.     INTRODUCTION

Pursuant to the terms of the Interim Management Agreements, the Debtor is not transferring any property or contract rights. The new provider(s) will take over one or more of the Debtor's locations and relieve Debtor of the ongoing liability. No contracts are being assumed and assigned. The new management company will not be responsible for any debts incurred by ANKA, and the new management company will not be entitled to any receivables earned by ANKA. The interim management companies will be using the Debtor's license to operate the facility, until their license is confirmed. The Debtor will have no oversight or responsibility for any activities that happen under the authority of an Interim Management company. The Interim Management companies have been selected and approved by the agency overseeing that location, such as the California Department of Development Services, or a county regional office. Time is of the essence to have the Interim Management Companies take over due to the Debtor's deteriorating financial condition, and the need for an orderly transition for patient safety, and stability for the employees who care for the patients. Unlike a typical sale in a bankruptcy case, these transfers do not involve payment of money for the transfer. However, the benefit to the estate is the safety and protection of the patients, and the immediate reduction in expenses and liabilities. The Debtor's only source of operating income is cash collateral, and the Debtor does not have sufficient funds to operate past May 31, 2019.

---

[1] 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").
[2] All references to the Declaration of Antoinette McGill shall be referred to as (McGill Decl., ¶ ___, Ex. ___.)
[3] Copies of the individual Agreements are also attached to Exhibit A.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

1. ANKA is a 501(c)(3) non-profit behavioral healthcare corporation that has operated since 1973.[4] It has earned national recognition as a result of its ability to design, implement, and operate exceptional, innovative programs. Over the course of a year, ANKA serves nearly 15,000 individuals and their families and generally has 200-300 clients at any one time at over 50 facilities that it operates throughout California and Michigan. ANKA's residential and Intensive Outpatient Programs (IOP) are located in Contra Costa, Alameda, Solano, Sonoma, Santa Clara, Fresno, San Luis Obispo, Santa Barbara, Ventura, Los Angeles, and Riverside Counties and there is one facility in Michigan.

2. ANKA employs almost 1,000 professional and specialized staff members and independent contractors across the states of California and Michigan.[5] Its philosophy is to treat the whole person by fully integrating care of both mind and body, always using clinically-proven, psycho-social models designed to promote health and wellness while containing costs. It offers the best and newest treatment methods for those seeking help in a warm and supportive environment. ANKA provides crisis residential treatment, transitional residential treatment, long-term residential treatment, outpatient services, forensic programs and vocational services.

3. On April 30, 2019, (the "Petition Date"), Debtor filed this voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of California. (Docket No. 1.)

4. No trustee has been appointed and Debtor remains a Debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[4] The statements in this paragraph are supported by the Declaration of Chris Withrow in Support of First Day Motions, filed as Docket No. 37 on May 7, 2019.
[5] The statements in this paragraph are supported by the Declaration of Chris Withrow in Support of First Day Motions, filed as Docket No. 37 on May 7, 2019.

5. On May 8, 2019, the United States Trustee filed a notice of Appointment of Creditors' Committee. (Docket No. 40.) On May 17, 2019, the United States Trustee's Office filed an Appointment of Patient Care Ombudsman. (Docket No. 62.)

6. The Debtor owes its secured creditor over $7,000,000 and unsecured creditors over $6,000,000.

## IV. ARGUMENT

Section 363(b)(1) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts, when considering approval under section 363, apply the business judgment test. *See cf.,* 3 *Collier on Bankruptcy* ¶ 363.02[4]. By this Motion, the Debtor seeks entry of an order substantially in the form of **Exhibit 1** attached hereto, authorizing the Debtor to enter into the Agreements pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code. The Debtor seeks approval of the Interim Management Agreements on an expedited basis. Attached to the Declaration of Antoinette McGill as Exhibit A is a list of facilities, the name of the Interim Management Company, and the Agency overseeing such company. (McGill Decl., ¶ 6, Ex. A.) The signed Interim Management Agreements are also attached thereto.[6] (McGill Decl., ¶ 6, Ex. A.) The Debtor seeks approval both enter into the agreements identified on Exhibit A to McGill Decl., and also to enter into future agreements for other locations if they are substantially in conformity with the executed Interim Management Agreements attached in Exhibit A to McGill Decl. without a further court order. Exhibit A to McGill Decl. lists all facilities that ANKA is negotiating with the relevant licensing companies to transfer.

### A. Purpose of Agreements

ANKA commenced this bankruptcy case so that it can undertake an orderly wind down of all of its residential and outpatient treatment programs. (McGill Decl., ¶ 4.) It is working closely

---

[6] The Debtor's corporate counsel has communicated directly with all Transferee parties and each party is aware of the pending bankruptcy case and the need and importance of bankruptcy court approval. (McGill Decl., ¶ 11.) Notwithstanding, some of the Interim Management Agreements do not reference the Bankruptcy case and the need for prior approval despite the Debtor's best efforts to have the contracts modified. (McGill Decl., ¶¶ 6, 11, Ex. A.)

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

with the California Department of Developmental Services, regional centers, and county mental health agencies to ensure that all of the needs of the patients are met. (McGill Decl., ¶ 4.) ANKA's goal is to transition all of the locations to other providers without closing any facilities to ensure that there is no interruption in patient services, and that the employees continue to work at the same locations since they have the knowledge and relationships with the patients. (McGill Decl., ¶ 5.) The Company is committed to an orderly and complete transition of its clients and patients to alternate providers before terminating any service or closing any facility. (McGill Decl., ¶ 5.) The Debtor seeks to effectuate the transition to new providers through the use of interim management agreements. (McGill Decl., ¶ 6.) The Debtor's only source of operating income is cash collateral, and the Debtor does not have sufficient funds to operate past May 31, 2019. (*See*, Declaration of Chris Withworth filed with Debtor's Ex Parte Application for Order Shortening Time for hearing on this Motion.)

### B. Terms of Agreements

The Agreements authorize each transferee (individually the "Transferee" and collectively the "Transferees") (identified on Exhibit A) to manage the Debtor's operations on a temporary basis until the Transferee receives its license from the California Department of Social Services/Community Care Licensing and its vendorization from the California Department of Developmental Services and any other licensing or government agencies (collectively the "Applicable Licenses"). (McGill Decl., ¶ 7.) The Transferees are selected by the overseeing agency, and are not selected until they have been vetted and approved by the appointing agency. (McGill Decl., ¶ 8.) As part of the Agreements, the Debtor will delegate to each Transferee on a temporary basis all of its rights, duties, and obligations in a specific program location (the "Program" or collectively the "Programs") (see Exhibit A). (McGill Decl., ¶ 8.) Once each transferee receives the Applicable Licenses, the corresponding Agreement will terminate. (McGill Decl., ¶ 8.) No contracts or leases are being assigned under the Agreements and any continued operation at the current location will be through a new lease between the assignee and corresponding landlord. (McGill Decl., ¶ 9.) The Agreements provide that ANKA is entitled to the accounts receivable for the time it serviced the clients, and the Transferee is entitled to the

accounts receivable for the period when it services the clients. (McGill Decl., ¶ 10.) Transferee will pay all expenses from the Effective Date (as defined in the Agreements) of the Agreement. (McGill Decl., ¶ 10.)

### C. The Agreements Satisfy the Debtor's Business Judgment Obligations

The Debtor is a non-profit with a mission that encompasses providing the best possible care for its patient population. (McGill Decl., ¶ 12.) The Debtor will not have sufficient funds to operate beyond May 31, 2019. (McGill Decl., ¶ 12.) In light of this limited time horizon, the Debtor has reviewed its various options with regard to the care of its patient population and determined that the Agreements provide the best possible care within the time constraints allocated. (McGill Decl., ¶ 12.) The benefit of the transfers to this estate is that it allows the patients to be well cared for, the employees to retain their jobs, and the expenses to this estate to be reduced as soon as possible. (McGill Decl., ¶ 12.)

## V. WAIVER OF FRBP 6004(h)

The Debtor asks this Court to waive the effects of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure to the extent applicable.

## VI. CONCLUSION

**WHEREFORE**, Debtor prays that this Court enter an order as follows:

1) Granting the Motion;

2) Authorizing the Debtor to enter into the Agreements on a rolling basis to the extent the Agreements are in substantial conformity with the Agreements attached to the Declaration of Antoinette McGill;

3) Waiving any stay arising under the Bankruptcy Code; and

4) For such other and further relief as the Court deems just and proper.

DATED: May 22, 2019
TRODELLA & LAPPING LLP
WENDEL, ROSEN, BLACK & DEAN LLP

By: */s/ Tracy Green*
Tracy Green
Lisa Lenherr
Attorneys for Debtor

# EXHIBIT 1

Richard A. Lapping (SBN: 107496)
**TRODELLA & LAPPING LLP**
540 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 399-1015
Fax: (415) 651-9004
Email: Rich@TrodellaLapping.com

Tracy Green (SBN: 114876)
Elizabeth Berke-Dreyfuss (SBN: 114651)
Lisa Lenherr (SBN: 258091)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: tgreen@wendel.com
Email: edreyfuss@wendel.com
Email: llenherr@wendel.com

[proposed] Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

ANKA BEHAVIORAL HEALTH, INCORPORATED,

Debtor.

Case No. 19-41025-WJL

Chapter 11

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO INTERIM MANAGEMENT AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES**

Date:
Time:
Place:  Courtroom 220
        1300 Clay Street
        Oakland, CA
Judge:  Hon. William J. Lafferty, III

**EXHIBIT 1**

023418.0001\5478284.1      ORDER

The Motion of Debtor and Debtor-in-Possession ANKA Behavioral Health, Incorporated ("Debtor") for an Entry of an Order Authorizing Debtor to Enter Into Interim Management Agreements having been filed (the "Motion"), the matter having come on for hearing on shortened time, notice having been appropriate and adequate under the circumstances, Tracy Green of Wendel, Rosen, Black & Dean, LLP, having appeared on behalf of Debtor, all other appearances having been noted on the record, the Court having considered the relief requested and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED;

2. Debtor is authorized to enter into interim management agreements on a rolling basis to the extent the agreements substantially conform to the agreements attached to the Declaration of Antoinette McGill filed as Docket No. ___, on May ___, 2019; and

3. Any stay arising under the Bankruptcy Code shall be and is hereby waived.

**\*\* END OF ORDER\*\***