TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102
Telephone: (415) 252-2080
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for the United States Trustee for Region 17
TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>ANKA BEHAVIORAL HEALTH, INCORPORATED,<br><br>        Debtor. | Case No. 19-41025 WJL<br><br>Chapter 11<br><br>Date:     August 21, 2019<br>Time:    10:30 a.m.<br>Location: 1300 Clay Street<br>             Courtroom 220<br>             Oakland, California 94612<br>Judge:   Honorable William J. Lafferty III |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO <u>CONVERT OR DISMISS CHAPTER 11 CASE</u>**

## Table of Contents

I. FACTUAL BACKGROUND ................................................................................................. 1

    A. Summary of Facts. .................................................................................................... 1

    B. Jurisdiction. ............................................................................................................... 4

II. MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 5

    A. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Convert or Dismiss This Bankruptcy Case. 5

    B. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) Because the Debtor Has Failed to File Its Rule 2015.3 Reports…………………………………………………………………….6

    C. Cause Exists Under 11 U.S.C. § 1112(b)(4)(G) Because the Debtor Failed to Attend the Continued Meeting of Creditors Convened Under Section 341(a) of the Bankruptcy Code. 6

    D. Cause Exists Under 11 U.S.C. § 1112(b)(4) (H) Because the Debtor Has Failed to File to Provide Information Reasonably Requested by the United States Trustee. .......................... 7

    E. Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2)……………………………..8

    G. Cause Exists Under 11 U.S.C. § 1112(b)(4)(A) Because The Estate is Diminishing and The Debtor Lacks a Reasonable Likelihood of Rehabilitation…………………………….....9

    H. The "Unusual Circumstances" Exception Does Not Apply When Relief is Sought Under Section 1112(b)(4)(A)……………………………………………………………………11

III. PRAYER FOR RELIEF ....................................................................................................... 12

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

# Table of Authorities

**Cases**

*Hassen Imports P'ship v. City of West Covina (In re Hassen Imports P'ship)*, 2013 Bankr. LEXIS 3870, *37 (B.A.P. 9th Cir. Aug. 19, 2013) .............................................................. 9, 11

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) .............................. 11

*In re McKenna*, 580 B.R. 1, 12 (Bankr. D.R.I. 2017) .................................................................. 6, 7

*In re Oakland Hills Land Dev., LLC,* 2010 Bankr. LEXIS 491 at *1-3 (Bankr. E.D. Mich. June 23, 2010) ........................................................................................................................................ 7

*In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011) ....................................................... 9

*In re Wallace*, 2010 Bankr. LEXIS 261 (Bankr. D. Idaho Jan. 26, 2010) ...................................... 10

*Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992) . 5

*Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011) ............................. 9

*Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001) .............. 5

*Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076 (B.A.P. 9th Cir. Dec. 7, 2010) ................................................................................................................................................... 11

*Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013) ....................................................................................................................... 8

*Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) ............................ 5

*Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015) ............................................................................................................................................ 8

*Wide W. Servs., LLC,* 2013 Bankr. LEXIS 3822 at *6-7 (E.D. Cal. September 12, 2013) ............... 9

**Statutes**

11 U.S.C. § 307 ................................................................................................................................ 5
11 U.S.C. § 1112(b) .......................................................................................................................... 5
11 U.S.C. § 1112(b)(1) ................................................................................................................. 5, 8
11 U.S.C. § 1112(b)(2) ................................................................................................................ 8-10
11 U.S.C. § 1112(b)(2)(A)–(b)(2)(B) .............................................................................................. 8
11 U.S.C. §1112(b)(2)(B) .............................................................................................................. 11

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

11 U.S.C. § 1112(b)(4)(A) ................................................................................................... 9-11

11 U.S.C. § 1112(b)(4)(F) ...................................................................................................... 6

11 U.S.C. § 1112(b)(4)(G) ................................................................................................... 6-7

11 U.S.C. § 1112(b)(4)(H) ...................................................................................................... 7

11 U.S.C. § 1121(b) ................................................................................................................ 4

28 U.S.C. § 586(a)(3) .......................................................................................................... 4, 7

28 U.S.C. §§ 1334 and 157(b) ................................................................................................ 4

**Rules**

FRBP 1017 and 9014 ............................................................................................................. 5

FRBP 2015.3 ........................................................................................................................... 6

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant To 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case* ("Motion").[1]

"Cause" exists to convert or dismiss this case for several reasons. First, ANKA Behavioral Health, Incorporated ("Debtor") has failed to file periodic reports as required under FRBP 2015.3. Second, the Debtor failed to attend the continued meeting of creditors. Third, the Debtor has failed to provide information reasonably requested by the United States Trustee. Finally, the Debtor's estate is suffering a substantial and continuing loss and/or diminution, and there appears to be an absence of a reasonable likelihood of rehabilitation. For these reasons, the United States Trustee has established cause to convert or dismiss this case pursuant to Section 1112(b). The Motion is supported by the following Memorandum of Points and Authorities incorporated herein, and the Declaration of Bankruptcy Analyst, Carla K. Cordero ("Cordero Decl.") and exhibit filed concurrently herewith.

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

### A. Summary of Facts

1. On April 30, 2019, the Debtor filed a voluntary Chapter 11 bankruptcy petition.[2] ECF No.1.[3] The Debtor is represented by Wendel, Rosen, Black and Dean LLP ("Wendel Rosen") and Trodella & Lapping LLP (collectively, "Counsel"). *See* PACER docket for Case No. 19-41025.

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

[2] The United States Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[3] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for case number, 19-41025 WJL.

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

-1-

2. The Debtor's President and Chief Executive Officer, Christopher Withrow, was designated the Responsible Individual for the Debtor. ECF No. 14.

3. Mr. Withrow filed an omnibus declaration in support of certain first day motions, ECF No. 37 (the "Withrow Declaration"). According to the Withrow Declaration, the Debtor is a 501(c)(3) non-profit behavioral healthcare corporation that has operated since 1973. *Id.* at ¶ 2. Over the course of a year, the Debtor served nearly 15,000 individuals and their families and generally had 200-300 clients at any one time at over 50 facilities that it operated throughout California and Michigan. *Id.* The Debtor provided crisis residential treatment, transitional residential treatment, long-term residential treatment, outpatient services, forensic programs and vocational services. *See* ECF No. 37.

4. According to the Withrow Declaration, the Debtor commenced this bankruptcy case so that it could undertake an orderly wind down of all of its residential and outpatient treatment programs. *Id.* at ¶ 5.

5. The Debtor indicates that it filed the bankruptcy petition because some vendors threatened to discontinue services, and without those services, the Debtor could not operate its business. *Id.* at ¶ 6. Further, the Debtor indicates that its financial difficulties primarily arose because of unexpected losses associated with its expansion into new developmental disabilities service programs. *Id.* The licenses for the new locations were apparently unexpectedly delayed due to new regulations and could not be operated for significant periods while expenses accrued immediately. *Id.*

6. No trustee has been appointed in the Debtor's case. *See generally* Case Docket.

7. An official committee of unsecured creditors was appointed on May 8, 2019. ECF No. 40.

8. On May 17, 2019, the United States Trustee filed an "Appointment of Patient Care Ombudsman," appointing David N. Crapo as Patient Care Ombudsman, which was approved by this Court. ECF Nos. 62, 119.

//

9. The Initial Debtor Interview was conducted on May 29, 2019. Cordero Decl., ¶ 3. By email to Wendel Rosen dated May 30, 2019, the United States Trustee reminded the Debtor that certain documentation had not been provided, requesting that it provide among other thigns pre-petition bank statements and registers and a copy of the last audited financial statements. *Id.* and **Exhibit 1**. As of the date of this Motion, the Debtor has not fully complied with the United States Trustee's requests. *Id.* at ¶ 4.

10. The first meeting of creditors ("MOC") was held on June 3, 2019, but continued to July 8, 2019. *See* PACER docket for Case No. 19-41025 WJL. Although creditors appeared at the continued MOC on July 8, 2019, neither Debtor nor its two separate Counsel appeared; accordingly, the MOC was continued to July 22, 2019. *Id.*; Cordero Decl., ¶ 7. Counsel states that "due to a calendar error," the Debtor appeared at the United States Trustee's Office in San Francisco instead of Oakland. ECF No. 217 at 4.

11. According to Schedule A/B, the Debtor has an interest in the following, among other assets: (i) cash, cash equivalents, and financial assets (valued at $704,508.95); (ii) deposits and prepayments (valued at $381,707.78); (iii) accounts receivable (valued at $5,502,995.69); (iv) machinery, equipment, and vehicles (valued at $353,558.28); and (iv) a 50% interest in real property located at 2507 Evelyn Avenue, Rosemead, California 91770 (no value was given). ECF No. 99.

12. The Debtor also has 100% interest in ANKA MHSA Holding Company, LLC ("ANKA MHSA") and AP& H, Inc. ("AP&H"). *See* ECF No. 99 at 16. As of the date of this Motion, the Debtor has failed to file the reports for ANKA MHSA and AP&H as required by FRBP. 2015.3. Cordero Decl., ¶ 5. These reports were due no later than seven days prior to June 3, 2019. *See* Fed. R. Bankr. P. 2015.3(b). The Debtor has not sought an extension of time from this Court to file these reports. Cordero Decl., ¶ 5.

13. According to Debtor's Schedules, the following debts are owed:

    a. Schedule D: Secured Claims                 $7,291,940.91
    b. Schedule E: Priority Claims                   $224,008.07
    c. Schedule F: General Unsecured Claims     $6,796,157.22

ECF No. 99.

14. As set forth in the latest status conference report filed in this case, the Debtor reports it "has transitioned its patients to other providers." ECF No. 217. It also reports that while "[m]ost of the patients were transitioned to other providers who took over the Debtor's locations, some were moved to other providers because the counties chose to close the facilities." *Id.* The Debtor maintains that "its remaining employees and consultants are taking steps to bill and collect outstanding receivables, determine post-petition payables, and sort stored patient records so that they can be shredded, indexed and turned over to county programs, regional centers, or other programs for long term storage, and determining how many, if any, other records need to be maintained." *Id.* The Debtor anticipates its case will be either converted or a plan will be confirmed by the end of August 2019. *Id.*[4]

15. As of the date of this Motion, a motion to convert this case to a Chapter 7 has not been filed. *See* PACER docket for Case No. 19-41025 WJL. Additionally, a plan and disclosure statement have not been filed. *Id.*

16. A final order regarding the Debtor's use of Bank of Guam's ("Bank") cash collateral was entered, authorizing the Debtor to use the Bank's cash collateral to pay operating costs (payroll), etc. up to and including June 28, 2019. ECF No. 165. The Debtor has admitted through its pleadings that it cannot operate without the Bank's cash collateral. *See* ECF Nos. 37, 38, and 69. Further, based on the Debtor's latest status report filed, a July cash collateral budget has not been agreed to. *See* ECF No. 217.

**B. Jurisdiction**

17. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

18. The United States Trustee bring this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

---

[4] The Debtor states that the Creditors' Committee has commenced drafting a liquidating plan; however, the Bank of Guam has not agreed that a liquidating plan is the best approach. ECF No. 217. The exclusivity period in this case will expire on or about August 28, 2019. *See* 11 U.S.C. § 1121(b).

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

-4-

19. The United States Trustee has standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307 and 1112, and FRBP 1017 and 9014.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Convert or Dismiss This Bankruptcy Case.

11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

As movant, the United States Trustee bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

//
//
//

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL
-5-

Case: 19-41025    Doc# 224    Filed: 07/18/19    Entered: 07/18/19 16:19:16    Page 9 of 16

**B.  Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) Because the Debtor Has Failed to File Its Rule 2015.3 Reports.**

Federal Rule of Bankruptcy Procedure 2015.3 provides that:

> (a) In a chapter 11 case, the trustee or debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest. The reports shall be prepared as prescribed by the appropriate Official Form, and shall be based upon the most recent information reasonably available to the trustee or debtor in possession.

Further, Fed. R. Bankr. P. 2015.3(c) provides that "an entity of which the estate controls or owns at least a 20 percent interest, shall be presumed to be an entity in which the estate has a substantial or controlling interest . . . ." (emphasis added). The report required by FRBP 2015.3 "shall be filed no later than seven days before the first date set for the meeting of creditors under § 341 of the Code." Fed. R. Bankr. P. 2015.3(b). This rule not only promotes transparency in court proceedings but also promotes the avoidance of conflict of interest.

Here, the Debtor has failed to file the reports required by FRBP 2015.3 concerning the value, operations, and profitability of the entities in which the estate holds a substantial or controlling interest, specifically ANKA MHSA and AP&H. Cordero Decl., ¶ 5. The Debtor has also not sought an extension of time from this Court to file these reports. *Id.* Given the Debtor's failure to comply with this reporting requirement, the United States Trustee has established cause to convert or dismiss this case pursuant to § 1112(b)(4)(F).

**C.  Cause Exists Under 11 U.S.C. § 1112(b)(4)(G) because the Debtor Failed to Attend the Continued Meeting of Creditors Convened Under Section 341(a) of the Bankruptcy Code.**

Under 11 U.S.C. § 1112(b)(4)(G), cause to dismiss a case includes the failure of a debtor "to attend the meeting of creditors convened under section 341(a)…without good cause shown by debtor." Cause under this section can be found based on a debtor's failure to appear at a meeting of creditors despite having advanced notice. *See In re McKenna*, 580 B.R. 1, 12 (Bankr. D.R.I. 2017). Further, a debtor should present a reasonable explanation or good cause as to why they

failed to attend the meeting of creditors. *See In re Oakland Hills Land Dev., LLC*, 2010 Bankr. LEXIS 491 at *1-3 (Bankr. E.D. Mich. June 23, 2010).

Here, Counsel states that "due to a calendar error," the Debtor appeared at the United States Trustee's Office in San Francisco instead of Oakland. ECF No. 217 at 4. However, the first MOC was conducted in Oakland, and there is nothing in the record reflecting that the continued MOC would take place in San Francisco. *See* PACER docket for Case No. 19-41025 WJL, Time Entry Dated June 3, 2019, Statement Adjourning Meeting of 341(a) Meeting of Creditors. <u>*Meeting of Creditors Continued to July 8, 2019 at 1:00PM. 341(a) meeting to be held on 7/8/2019 at 1:00PM Oakland U.S. Trustee Office 13th Floor*</u>. Additionally, all the hearings in this case have taken place in Oakland. *Id.* Therefore, it is unclear why the Debtor and Counsel appeared at the continued MOC scheduled for July 8, 2019 in San Francisco instead of Oakland. *See* ECF No. 217; Cordero Decl., ¶ 7. Given these circumstances, the Debtor has not established "good cause" for failure to attend the continued MOC in Oakland. Therefore, "cause" to convert or dismiss this case exists pursuant to § 1112(b)(4)(G).

### D.  Cause Exists Under 11 U.S.C. § 1112(b)(4)(H) Because Debtor Has Failed to Provide Information Reasonably Requested by the United States Trustee.

Cause also exists to dismiss or convert this case under §1112(b)(4)(H). Pursuant to §1112(b)(4)(H), cause also includes "failure to timely provide information . . . reasonably requested by the United States trustee . . . ." 11 U.S.C. § 1112(b)(4)(H). "This provision imposes sanctions for a debtor's failure to reasonably cooperate with the UST, who is charged under 28 U.S.C. § 586(a)(3) with the duty to "supervise the administration of cases" under the Code." *In re McKenna*, 580 B.R. at 13 (citing *7 Collier on Bankruptcy* ¶ 1112.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).

As fully explained in the Cordero Declaration, to date, the Debtor has failed to submit all the documentation requested, including pre-petition bank statements and registers and a copy of the last audited financial statements. *See* Cordero Decl., ¶¶ 4-5 and **Exhibit 1**. Consequently, the United States Trustee has met her burden and established cause for conversion or dismissal under § 1112(b)(4)(H).

### E. Once Cause is Established, Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . .*and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL
-8-

11 U.S.C. § 1112(b)(2) (emphasis added).

Importantly, the debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

Here, the record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

### F. Cause Exists Under 11 U.S.C. § 1112(b)(4)(A) Because The Estate is Diminishing and The Debtor Lacks a Reasonable Likelihood of Rehabilitation.

Cause exists to convert or dismiss this case pursuant to Section 1112(b)(4)(A) which provides that a case shall be dismissed or converted for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." As the movant under § 1112(b)(4)(A), the United States Trustee is required to demonstrate both 1) a substantial or continuing loss to or diminution of the estate, and 2) the absence of a reasonable likelihood of rehabilitation. *Hassen Imports P'ship v. City of West Covina (In re Hassen Imports P'ship)*, 2013 Bankr. LEXIS 3870, *37 (B.A.P. 9th Cir. Aug. 19, 2013).

As to the first prong of the test, "[t]he loss may be substantial or continuing. It need not be both in order to constitute cause under § 1112(b)(4)(A)." *Hassen Imports P'ship*, 2013 Bankr. LEXIS 3870 at *38 (citations omitted). In order to make the determination required by the first prong of the statutory test, "the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id.* For instance, the court may consider "dwindling liquidity or illiquidity resulting from unpaid post-petition debts" as well as continuing losses or maintaining a negative cash flow following the bankruptcy filing. *Id.* at *13. *See also Wide W. Servs., LLC,* 2013 Bankr. LEXIS 3822 at *6-7 (E.D. Cal. September 12, 2013).

Here, the Debtor has admitted through its pleadings that it cannot operate without the use of the Bank's cash collateral. *See* ECF Nos. 37, 38, and 69. As noted above, a July cash collateral budget has not been agreed to among the parties. *See* ECF No. 217. Thus, it appears that the Debtor may be operating without the authority to use cash collateral; and without these funds the

Debtor cannot sustain its operations. *Id*. These circumstances represent a continuing loss to or diminution of the estate. Thus, the first prong has been met.

> In order to satisfy the second prong of Section 1112(b)(4)(A):
>> …a movant must demonstrate that the debtor does not have a reasonable likelihood of rehabilitation. As used in § 1112(b)(4)(A), "rehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.' " … "'Rehabilitation' is a different and ... much more demanding standard than 'reorganization.' " … If " 'the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of time,' " then the debtor may have a reasonable likelihood of rehabilitation. … "The purpose of § 1112(b) (1) is to 'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.' " …

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (internal citations omitted).

The second prong is easily met here, because the rehabilitation of the Debtor is neither envisioned nor possible. The Debtor made it clear in its initial papers that it had no intention of reorganizing. *See* ECF No. 37. However, as set forth in the last status conference report filed in this case, the Debtor anticipates its case will be either converted or a liquidating plan will be confirmed by the end of August 2019. ECF No. 217. However, as of the date of this Motion, a plan and disclosure statement have not been filed. *See* PACER docket for Case No. 19-41025. Based on these representations, it does not appear the Debtor has any reasonable likelihood of rehabilitation. *See, e.g., In re Wallace*, 2010 Bankr. LEXIS 261 (Bankr. D. Idaho Jan. 26, 2010) ("The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.") (quotations and citations omitted). As both prongs of the statutory test set forth in 11 U.S.C. § 1112(b)(4)(A) have been established, cause exists to either convert or dismiss this case has been established.

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL

-10-

**G. The "Unusual Circumstances" Exception Does Not Apply When Relief is Sought Under Section 1112(b)(4)(A).**

Section 1112(b)(2) provides that the "unusual circumstances" exception does not apply if the cause for dismissal or conversion is "substantial or continuing loss or diminution of the estate"' as set forth in § 1112(b)(4)(A). *See* 11 U.S.C. §1112(b)(2)(B); *see also In re Creekside Senior Apts., L.P.*, 489 B.R. at 63. As discussed above, the United States Trustee has established cause under § 1112(b)(4)(A) to either convert or dismiss this case. The Debtor or party in interest must now demonstrate that dismissal or conversion is not warranted. *See In re Hassen Imports P'ship,* Bankr. LEXIS 3870 at *45.

Conversion of this case to Chapter 7 appears to be a more appropriate remedy because there may assets that are available for distribution to unsecured creditors. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors."). However, because the Debtor is a nonprofit corporation, the bankruptcy case cannot be converted to a chapter 7 case unless the Debtor requests conversion. *See* 11 U.S.C. § 1112(c). Accordingly, the Debtor would need to consent to conversion.

In the alternative, the United States Trustee does not object to dismissal of the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

//
//
//
//
//
//
//

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL
-11-

### III. PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, the United States Trustee respectfully requests this Court enter an order (1) granting the motion; (2) converting or dismissing the case; and (3) for such other and further relief as is just and appropriate.

Date: July 18, 2019

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/ Marta E. Villacorta*
MARTA E. VILLACORTA
Trial Attorney

UST Motion to Convert or Dismiss: ANKA, Case No. 19-41025 WJL
-12-