Alan I. Nahmias, Esq., SBN 125140
Scott H. Noskin, Esq., SBN 164923
MIRMAN, BUBMAN & NAHMIAS, LLP
21860 Burbank Blvd., Suite 360
Woodland Hills, California 91367
Telephone: (818) 995-2555
Facsimile: (818) 451-4620
Email: anahmias@mbnlawyers.com

Attorneys for Larry D. Simons, Chapter 7 Trustee of the
Bankruptcy Estate of Deborah Cassandra Allen

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>ANKA BEHAVIORAL HEALTH, INC.,<br><br>Debtor. | Case No. 19-41025 WJL<br><br>Chapter 7<br><br>RS No. AIN-002<br><br>**STATUS RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND REQUEST FOR CONTINUANCE OF HEARING**<br><br>Date: January 15, 2020<br>Time: 9:30 am<br>Location: 1300 Clay Street<br>　　　　　Courtroom 220<br>　　　　　Oakland, CA 94612<br>Judge: Honorable William J. Lafferty |

**TO: THE HONORABLE WILLIAM J. LAFFERTY:**

　　　　Larry D. Simons, the Chapter 7 Trustee ("Simons") of the bankruptcy estate of Deborah Cassandra Allen ("Allen"), a creditor of Debtor, Anka Behavioral Health, Inc. ("Debtor" or "ANKA") provides the following status regarding its Motion for Relief from the Automatic Stay ("Motion") currently set for hearing on January 15, 2020.

///

///

///

1

## BACKGROUND

As the Court may recall, although the Debtor's counsel initially filed a Statement of Non-Opposition, counsel for the Creditors' Committee appeared at the initial hearing opposing Simons' Motion asserting that he had been advised by Debtor's insurance coverage counsel that the D&O policy applicable to Allen's claim was the same policy out of which other creditors' claims would be pursued. This was based on the conclusion that the D&O policy had been extended rather than renewed, and therefore was not a new policy, and Allen's claim should be grouped with all potential claims to the policy. Repeated requests were made for evidence to support this conclusion, but no supporting documentation was ever provided.

After the case was converted to Chapter 7, the Chapter 7 Trustee filed an opposition to the Motion and raised the same arguments. Since the last hearing, counsel for Simons provided counsel for the Trustee with documentation which showed that the Debtor was informed of Allen's claims back in early 2017, and therefore, its insurer should have known about the claim by the end of July 2017, when the prior D&O policy elapsed and was purportedly extended rather than renewed.

The Trustee has informed Simons that he has been advised by Debtor's coverage counsel that Allen's claim was not reported to Debtor's insurer until September 2017, after the prior policy elapsed. Counsel for Simons has requested documentation from Trustee's counsel to support the Trustee's position and has been informed that such documentation has been requested by the Trustee from Debtor's coverage counsel, but not yet received. Simons is hopeful that Debtor's coverage counsel will cooperate with the Chapter 7 Trustee and provide the requested documentation. However, in the event the documentation is not provided, Simons will need to take the necessary action to obtain such documentation.

## REQUEST FOR CONTINUANCE

Based on the above, both counsel for Simons and counsel for the Chapter 7 Trustee are in agreement that the hearing on the Motion should be continued to allow time for Debtor's coverage

///

///

counsel to provide Trustee's counsel with the documentation supporting his position, and therefore request is made that this hearing be continued to February 19, 2020 at 9:30 a.m.

DATED: January 10, 2020    MIRMAN, BUBMAN & NAHMIAS, LLP

By: _____
SCOTT H. NOSKIN
Attorneys for Larry D. Simons, Chapter 7 Trustee of the
Bankruptcy Estate of Deborah Cassandra Allen